IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Johnnie Frazier,<br><br>            Petitioner,<br><br>     v.<br><br>Warden Jackson,<br><br>            Respondent. | C/A No. 1:24-1132-CMC<br><br><br>**Order** |

This matter is before the court on Petitioner's *pro se* petition filed as a "Rule 75 Writ of Mandamus" on March 4, 2024. ECF No. 1. Petitioner challenges his state court convictions. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges, for pre-trial proceedings. The Magistrate Judge entered Proper Form Orders (ECF Nos. 9, 16), and Petitioner subsequently filed an Amended Petition for Habeas Corpus. ECF No. 20.[1]

On January 27, 2023, the Magistrate Judge issued a Report and Recommendation ("Report") recommending this matter be dismissed as a successive habeas petition. ECF No. 25. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner has not filed a response, and the time to do so has expired.

---

[1] This is Petitioner's second petition regarding his imprisonment on state charges. The previous case, C/A No. 1:18-1511, was dismissed on summary judgment. C/A No. 1:18-1511 at ECF No. 62.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error. Petitioner must seek and receive permission from the Fourth Circuit Court of Appeals prior to filing a successive § 2254 Petition in this court. This he has not done. Accordingly, the court adopts and incorporates the Report and Recommendation by reference into this Order. This matter is dismissed without prejudice and without requiring Respondent to file a return.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

    **IT IS SO ORDERED**.

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
June 28, 2024